IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–03281–DDD–MDB

DARLENE GRIFFITH,

    Plaintiff,

v.

GENDER DYSPHORIA TREATMENT COMMITTEE,
NICOLE, Head Nurse,
SPIGNOR, Lieutenant, and
CHECKISH, Captain,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's failure to respond to the Court's Order to Show Cause ("OSC") dated June 20, 2024. (Doc. No. 24.)

Plaintiff initiated this civil action *pro se* on December 13, 2023 (Doc. No. 1), and continues to proceed *pro se*. Plaintiff was incarcerated in the Denver Women's Correctional Facility ("DWCF") when she initiated this action. In response to a court order, Plaintiff filed an Amended Complaint on February 22, 2024. (Doc. No. 8.) Plaintiff also filed a request to appoint counsel on the same day. (Doc. No. 9.) On May 6, 2024, Defendants moved for partial dismissal of Plaintiff's claims. (Doc. No. 16.) Plaintiff failed to respond to Defendants' motion. Moreover,

since May 28, 2024, all court mailings sent to Plaintiff have been returned as undeliverable. (*See* Doc. No. 19; 26; 27; 28.)

Due to Plaintiff's failure to update her address with the Court, the Court issued an OSC as to why this case should not be dismissed for failure to prosecute. (Doc. No. 24) In the OSC, the Court noted, "Based on this Court's review of the CDOC's Inmate Locator, Plaintiff appears to currently be released on parole and no longer in CDOC custody at DWCF." (*Id.* at 1.) In the OSC, the Court warned Plaintiff that "her failure to respond to this Order to Show Cause by July 15, 2024, may result in the dismissal of her claims without prejudice and without further notice from the Court." (*Id.* at 3.) The Court's Order to Show Cause was returned as undeliverable. (Doc. No. 26) and Plaintiff failed to timely respond to the OSC or update her address.

The Court's most recent review of CDOC's Inmate Locator shows Plaintiff continues to be released on parole. *See* Griffith, Darlene, https://www.doc.state.co.us/oss/. However, to date, Plaintiff has not filed a Notice of Change of Address or informed the Court of her current contact information. At this time, Defendants and the Court have no way to contact Plaintiff and the case cannot progress without her participation.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b); *see Vanmaanen v. N. Plains Trucking*, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) ("[Rule 41(b)] has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

court's orders." citing *Link v. Wabash R. Co.*, 370 U.S. 616, 630–31 (1962)). In considering dismissal under Rule 41(b) based on a party's failure to comply with a court order, courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931 (10th Cir. 2015). The Court finds all factors weigh in favor of dismissal.

F First, Defendants suffer actual prejudice because the matter is at a standstill without Plaintiff's participation, and there is great uncertainty in the resolution of the claims against Defendants. Second, Plaintiff's failure to comply with the Court's rules and orders interferes with the judicial process because the Court has wasted time and resources attempting to reach Plaintiff at her record address. Third, Plaintiff is solely responsible for her failure to comply with the Court's rules and orders, particularly now that she has been released to parole and has greater freedoms than when she was incarcerated. Fourth, the Court warned Plaintiff that her failure to comply may result in dismissal of the action. Finally, there does not appear to be any lesser sanction that would be effective as the Court has no way of contacting Plaintiff, and Plaintiff has not taken any action to prosecute her claims. *See, e.g.*, *Bradford v. Walden*, No. 1:18-CV-00842-KWR-KK, 2021 WL 1406024, at *2 (D.N.M. Apr. 14, 2021) (dismissing plaintiff's claims for failure to prosecute where plaintiff failed to update his address or respond to order to show cause and court had no way to contact plaintiff); *Hancock v. Fagerstedt*, No. 19-CV-00325-DDD-

3

NRN, 2020 WL 2332118, at *2 (D. Colo. Feb. 27, 2020) (recommending dismissal where plaintiff failed to update his address, attend court hearing, or respond to order to show cause), *report and recommendation adopted*, 2020 WL 2322609 (D. Colo. May 11, 2020).

Based on the foregoing, it is:

**RECOMMENDED** that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on Plaintiff's failure to prosecute, failure to update her address with the Clerk of Court, and failure to comply with court orders.

It is further

**RECOMMENDED** that the CDOC Defendants' Partial Motion to Dismiss (Doc. No. 16) and Plaintiff's Request for Appointment of Counsel (Doc. No. 9) be **DENIED** without prejudice as **MOOT**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of July, 2024.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge